ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Colony Construction | ) | ASBCA No. 63630 |
| | ) | |
| Under Contract No. W912WJ-22-P-0131 | ) | |

APPEARANCE FOR THE APPELLANT: Mr. Jay Harris
  President

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
  Theresa A. Negron, Esq.
  Engineer Trial Attorney
  U.S. Army Engineer District, New England

OPINION BY ADMINISTRATIVE JUDGE SMITH
ON THE GOVERNMENT'S MOTION TO DISMISS

The U.S. Army Corps of Engineers (USACE or respondent) has moved to dismiss this appeal for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement under Board Rule 6. We deny the motion because the appellant states a claim upon which relief can be granted, namely to vacate respondent's termination for default. Per Rule 6, appellant's submissions also contain sufficient information to proceed past the pleading phase – especially where *respondent* will have the initial burden of proof to justify its default termination.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

Appellant Colony Construction (Colony) was awarded a $156,000 contract to upgrade a campground electrical system (R4, tab 3). After several preconstruction exchanges between the parties, and no work in the field, USACE became dissatisfied with Colony's submittals and issued a cure notice and a show cause notice, to which Colony responded (R4, tabs 18-19, 21-22, 24-26). Considering those responses insufficient, USACE terminated Colony's contract for default (R4, tab 2). Proceeding *pro se*, Colony challenges the default termination here. In addition to its contemporaneous communications with USACE, Colony has made submissions to the Board that contain contentions that challenge specific aspects of USACE's termination decision and seeks conversion of the termination from default to convenience.

## DECISION

Our rules are prefaced upon informal, expeditious, and inexpensive resolution of disputes and Rule 15 allows appellants to proceed without counsel. Here, Colony is proceeding *pro se*, its submissions are informal, and some have been untimely. But we do not penalize contractor-appellants who are inexperienced in Board litigation or unfamiliar with forms of pleadings and other submissions. *Elizabeth Constr. Co.*, ASBCA No. 60723, 17-1 BCA ¶ 36,839 at 179,519 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Looking at the sum of Colony's submissions and drawing reasonable inferences in Colony's favor, we readily discern Colony's claim which it succinctly states as follows. "Colony Construction claims that the Corps has wrongly terminated contract #W912WJ-22P-0131 for 'default' and not 'convenience.' We pray that the Board will change the designation accordingly. Colony is asking for no monetary damages" (app. resp. at 1). This is a vintage claim upon which relief can be granted. *Kellogg Brown & Root Services, Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013). Respondent's motion to dismiss is denied.

USACE's request for a more definite Complaint because ". . . it is difficult to determine from the Complaint what Colony may be attempting to plead" (gov't mot. at 3), is similarly unconvincing. USACE bears the initial burden to justify its default termination and has already provided an explanation in the termination notice/final decision (R4, tab 2). *Johnson Mgmt. Grp. CFC, Inc. v. Martinez*, 308 F.3d 1245, 1249 (Fed. Cir. 2002). ("The government bears the burden of proof in establishing the validity of a default termination"). USACE has also submitted a 164-page Rule 4 file which contains 26 documents showing the events that lead to the termination.

In response, Colony's contemporaneous documents and its submissions here make contentions regarding the timeliness of its submittal documents and USACE's responses or lack thereof (R4, tabs 22, 25-26). This includes Colony's specific allegation that it sent substantially more submittal documents than USACE has acknowledged (compl. ¶ 13).

Considering USACE's burden of proof, the Rule 4 record, and Colony's submissions, we conclude that the issues before the Board are sufficiently defined per Rule 6. This appeal is a garden-variety default termination challenge by a *pro se* contractor-appellant. USACE should be equipped to move forward in the proceedings and attempt to justify its termination decision, to which Colony will have an opportunity to respond.

2

<u>CONCLUSION</u>

Respondent's motion is denied. Our September 26, 2023, suspension is lifted and the response to appellant's complaint is due within 30 days of receipt of this decision. [*]

Dated: November 22, 2023

BRIAN S. SMITH
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63630, Appeal of Colony Construction, rendered in conformance with the Board's Charter.

Dated: November 22, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

---

[*] We note that our rules provide for expedited resolution of uncomplicated or small-dollar appeals, which the parties should consider.

3